# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION (DAYTON)

WILLIE JOHNSON,
      Plaintiff,

      vs.

WILLIAM COOL, *et al.*,
      Defendants.

Case No. 1:22-cv-31

McFarland, J.
Gentry, M.J.

**OPINION AND ORDER**

      Plaintiff, a prisoner at the Southern Ohio Correctional Facility, has filed a pro se civil rights complaint in this Court against Defendants William Cool, Denny, Goodman, Doctor Conley, and John Does 1-6. (*See* Doc. 1-1, Complaint at PageID 6). Plaintiff has also filed a motion for leave to proceed *in forma pauperis* (Doc. 1) and motion to appoint counsel (Doc. 2).

      On January 21, 2022, the Court issued a Report and Recommendation finding that Plaintiff's financial affidavit revealed that he had sufficient funds to pay the filing fee in this case and recommending that his motion to proceed *in forma pauperis* be denied. It was further recommended that Plaintiff be ordered to pay the full filing fee within thirty days of any Order adopting the Report and Recommendation. (Doc. 3). Plaintiff has since paid the filing fee. (Doc. 6). In light of Plaintiff's payment of the full filing fee in this action, the January 21, 2022 Report and Recommendation (Doc. 3) is **VACATED** and Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **DENIED** as moot.

      With respect to the motion to appoint counsel, there is no constitutional right to appointed counsel in a civil case. *Patmon v. Parker*, 3 F. App'x 337, 339 (6th Cir. 2001). Upon consideration of Plaintiff's motion (Doc. 2), it is **DENIED** at this time. This action has not yet progressed to the point that the Court is able to evaluate the merits of Plaintiff's claims. *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985) (en banc) ("[I]n considering an application

for appointment of counsel, district courts should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit."). The Court will consider a renewed motion for appointment of counsel if this matter proceeds past motions to dismiss and motions for summary judgment.

This matter is now before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)1 as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the

defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In the complaint, Plaintiff alleges that his Eighth Amendment rights were violated in connection with being placed in a "dry cage" or "dry cell" for twenty-days at the Southern Ohio Correctional Facility.  (*See* Doc. 1-1, Complaint at PageID 12).  Apparently based on suspicion that Plaintiff ingested contraband while seeing a visitor,[2] Plaintiff claims he was initially placed in a dry cage on December 30, 2019.  (*Id.* at PageID 7).  Plaintiff alleges that during this time he was tested several times for drugs and had his feces collected in plastic bags so that it could be searched.[3]  Plaintiff further alleges that he was denied a shower, water to wash his hands, sanitation wipes, a mattress, undergarments, and his medication for eczema.  (*Id.*).  According to Plaintiff, he verbally complained about the conditions of his confinement and being deprived of a shower and medication to Defendants, but was told that he would not get a shower until he produced the drugs.  (*See id.* at PageID 7, 8, 12).

---

[2] The complaint received by the Court is missing page 3, which appears to include the initial facts giving rise to Plaintiff's placement in a dry cage.  (*See* Doc. 1-1, Complaint at PageID 6-7).  However, Plaintiff has attached an Informal Complaint Resolution form that indicates that his placement was based on an allegation that he ingested drugs during a visit.  (*Id.* at PageID 19).

[3] Plaintiff claims that at one point six bags of collected feces remained in hallway outside his cell for several days.  (*Id.* at PageID 10).  With regard to the drug tests, plaintiff alleges that he tested negative for drugs on all but one test.  He claims the positive test was "rigged," noting that the test was already opened before the test was administered.  Plaintiff claims he initially refused the test but that he complied after he was threatened to be sprayed with mace.  (*See id.* at PageID 7–8).

After seven days in the dry cage, Plaintiff claims his eczema symptoms worsened to include "patches of rough, inflamed, and itchy skin" covering his body and "oozing, bloody sores and white blotchy marks" covering his legs.  (*Id.* at PageID 9).  Plaintiff engaged in a hunger strike and was provided with his eczema medication, but he claims the medication was ineffective due to the ongoing shower deprivation.  Plaintiff claims he was ultimately provided with a shower fourteen days after being placed in the dry cage.  (*Id.* at PageID 9, 12).

On January 13, 2020, Plaintiff claims he was transported from the dry cage to a dry cell, where he remained until January 20, 2020.  (*Id.* at PageID 10–11).  Plaintiff claims the conditions in the dry cell were just as unsanitary as the dry cage, including no running water; no mattress; dried brown stains on the walls, sink, toilet, and ceiling; and an inoperable toilet filled with urine and moldy food. (*Id.*).  According to Plaintiff, no drugs were ever recovered.  (*Id.* at PageID 11).

Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.  (*Id.* at PageID 14).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that Plaintiff's Eighth Amendment claims against Defendants are deserving of further development and may proceed at this juncture.  *See* 28 U.S.C. § 1915(e)(2)(B).

It is therefore **ORDERED** that the United States Marshal shall serve a copy of the complaint, summons, and this Order upon Defendants William Cool, Denny, Goodman,  and Doctor Conley as directed by Plaintiff.  All costs of service shall be advanced by the United States.

Before service may be issued upon any remaining John Doe Defendants, Plaintiff must file a motion to issue service setting forth the identities of the unidentified Defendants.  Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and

summons forms, if and when Plaintiff discovers the identity of the unnamed Defendants through discovery.  Plaintiff is advised that no service will be issued on the unnamed Defendants unless Plaintiff complies with this Order.

It is further **ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to Defendants or counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

It is further **ORDERED** that Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**IT IS SO ORDERED.**


Date:__2/22/2022_____                              */s/ Caroline H. Gentry*_____
                                                    Caroline H. Gentry
                                                    United States Magistrate Judge