IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| WILLIE JOHNSON, | : | Case No. 1:22-cv-00031 |
| Plaintiff, | : | |
| | : | District Judge Jeffery P. Hopkins |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| WILLIAM COOL, *et al.*, | : | |
| Defendants. | : | |

**OPINION AND ORDER**

This civil rights action is brought under 42 U.S.C. § 1983. Plaintiff, an inmate proceeding without the assistance of counsel, alleges that Defendants, acting as agents of the Ohio Department of Rehabilitation and Corrections, violated his rights under the Eighth Amendment to the United States Constitution by holding him in improper conditions in a "dry cell" for twenty-one days. (*See generally* Complaint, ECF No. 1-1 and 1-2.) The matter has been referred to the undersigned Magistrate Judge to rule upon the following pending motions: Plaintiff's Motion for Relief (ECF No. 12); Plaintiff's [Second] Motion to Appoint Counsel (ECF No. 13); Plaintiff's Motion for Extension of Time to Issue Service (ECF No. 14); and Plaintiff's Request for Service (ECF No. 15).

I.  **LAW AND ANALYSIS**

   A.  **Plaintiff's Motion For Relief (ECF No. 12)**

On January 11, 2022, Plaintiff commenced the instant action and sought leave to proceed *in forma pauperis*. On January 21, 2022, Magistrate Judge Karen L. Litkovitz, to

1

whom this matter was originally referred, issued a Report and Recommendation that found that Plaintiff had "sufficient funds to pay the full filing fee in order to institute this action" and therefore recommended that the Court deny Plaintiff's motion for leave to proceed *in forma pauperis* and order Plaintiff to pay the full filing fee "within thirty (30) days of the date of filing of any Order adopting this Report and Recommendation." (ECF No. 3, PageID 63.) Plaintiff then paid the filing fee in full. (ECF No. 6.)

On February 22, 2022, the undersigned Magistrate Judge, to whom this matter had been reassigned, issued an Order finding, *inter alia*, that Plaintiff's payment of the filing fee rendered moot his Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 7, PageID 73.) The Court also ordered the United States Marshal to serve the named Defendants with the complaint and summons in this matter. (*Id.*, PageID 77.) However, the Court subsequently issued an Order stating that "because Plaintiff paid the filing fee in this matter and is not proceeding *in forma pauperis*, he is responsible for serving the complaint on Defendants in compliance with the Federal Rules of Civil Procedure." (ECF No. 8, PageID 79.) The Court therefore vacated the portion of its February 22 Order (ECF No. 7) that directed service by the U.S. Marshal and, instead, ordered Plaintiff to serve Defendants. (ECF No. 8, PageID 79.)

On October 4, 2022, Plaintiff filed a document captioned "F.R.C.P. Rule 60 (A) Motion," which the Clerk docketed as Plaintiff's Motion for Relief. In that Motion, Plaintiff "ask[ed] this honorable court to relieve [him] from the order entered on 3-2-22, vacating it's [sic] previous order dated 2-22-22 in which the court ordered service by the U.S. Marshal." (ECF No. 12, PageID 116.) In other words, Plaintiff asked the Court to

2

*reinstate* its previous Order that the U.S. Marshal serve the named Defendants with the complaint and summons in this matter.

However, the record indicates that, between November 7 and November 10, 2022, summonses were served on all the named Defendants. (ECF No. 19; ECF No. 21.) In addition, all the named Defendants have filed answers to Plaintiff's complaint. (ECF No. 20; ECF No. 22.). Accordingly, since service has been effectuated, Plaintiff's request that the Court require the U.S. Marshal to serve Defendants is moot.

Plaintiff also argues that his payment of the filing fee does not preclude this Court from granting him leave to proceed *in forma pauperis*. (*See* ECF No. 12 at PageID 117–18.) However, Plaintiff's cited case of *Mills v. Fischer*, 2010 WL 364457 (W.D.N.Y. 2010) is inapposite. In that case, one plaintiff paid the single required filing fee and a *second* plaintiff sought leave to proceed *in forma pauperis*. *Id*. at *1–2. By contrast, it is well-settled that a plaintiff's payment of a filing fee renders moot that same plaintiff's motion to proceed *in forma pauperis*. *See, e.g.*, *Barnaby v. Witkowski*, 2022 U.S. App. LEXIS 13103 (6th Cir. 2022). Plaintiff's request for reconsideration is not well-taken.

For these reasons, the Court **DENIES** Plaintiff's Motion for Relief. (ECF No. 12.)

B. **Plaintiff's Second Motion to Appoint Counsel (ECF No. 13)**

Plaintiff previously filed a Motion for Appointment of Counsel. (ECF No. 2.) This Court denied that motion, noting that "[t]his action has not yet progressed to the point that the Court is able to evaluate the merits of Plaintiff's claims . . . [but] [t]he Court will consider a renewed motion for appointment of counsel if this matter proceeds past motions to dismiss and motions for summary judgment." (ECF No. 7, PageID 73–74.)

3

On October 25, 2022, Plaintiff filed a [Second] Motion for Appointment of Counsel (ECF No. 13), and on October 28, 2022, Plaintiff filed a document captioned Affidavit of Need (ECF No. 16), which the Court construes as being filed in support of Plaintiff's Motion. Of the eight grounds raised in the Second Motion, three were not explicitly raised in Plaintiff's prior Motion. (ECF No. 13, PageID 120, ¶ 6–8.) None of them, however, respond to the Court's explanation that this matter is not sufficiently advanced to allow the Court to evaluate the merits of Plaintiff's claims. (*See* ECF No. 7, PageID 73–74.) Therefore, the Court **DENIES** Plaintiff's Second Motion without prejudice. Again, the Court will consider a renewed motion for appointment of counsel **if this matter proceeds past motions to dismiss and motions for summary judgment**.

### C. Plaintiff's Motion for Extension of Time (ECF No. 14) & Request for Service (ECF No. 15)

On October 25, 2022, Plaintiff filed a Motion for Extension of Time to serve Defendants. (ECF No. 14.) On the same day, Plaintiff filed a Request for Service by the U.S. Marshal (ECF No. 15).  Because service was subsequently effectuated in this matter, the Court **DENIES AS MOOT** both the Motion for Extension of Time (ECF No. 14) and the Request for Service (ECF No. 15).

## II. CONCLUSION

In sum, for the reasons set forth above, the Court **ORDERS** as follows:

1) The Court **DENIES** Plaintiff's Motion for Relief (ECF No. 12);

2) The Court **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 13);

3) The Court **DENIES AS MOOT** Plaintiff's Motion for Extension of Time (ECF No. 14); and

4) The Court **DENIES AS MOOT** Plaintiff's Request for Service (ECF No. 15).

**IT IS SO ORDERED**.

      *s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections to the findings within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).