IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| WILLIE JOHNSON, | : | Case No. 1:22-cv-00031 |
| Plaintiff, | : : | District Judge Jeffery P. Hopkins |
| vs. | : : | Magistrate Judge Caroline H. Gentry |
| WILLIAM COOL, *et al.*, | : : | |
| Defendants. | : : | |

## REPORT AND RECOMMENDATION

This civil rights case is before the Court to consider whether Plaintiff has timely served the "John Doe" Defendants that remain in the case. Because he has not done so, the undersigned Magistrate Judge **RECOMMENDS** that these defendants be **DISMISSED** pursuant to Fed. R. Civ. P. 4(m).

This case was filed in January 2022. (Doc. No. 1.) In January 2025, the Court granted the named Defendants' motion for summary judgment and dismissed all Plaintiff's claims against Defendants Cool, Denney, Goodman, and Conley with prejudice. (Doc. No. 47.) The Court also ordered Plaintiff to show cause why his complaint should not be dismissed against the remaining and unidentified defendants:

> [P]ursuant to Federal Rule of Civil Procedure 4(m), Plaintiff is ordered to **SHOW CAUSE** as to why he has failed to serve Defendant John Doe(s) 1 and 2, Shift Lieutenants, and Defendant John Doe(s) 3–6, Correctional Officers. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Plaintiff

is hereby **ORDERED TO SHOW CAUSE IN WRITING**, on or before **MARCH 3, 2025**, as to why his complaint should not be dismissed against Defendant John Doe(s).

(Doc. No. 47 at PageID 976.)

Plaintiff did not file any response to this order and his time to do so has expired. He has taken no action in the case since September 2024. Accordingly, the undersigned concludes that Plaintiff has **FAILED** to satisfy the show cause order. The docket reflects that Plaintiff has not served the John Doe Defendants within 90 days after the complaint was filed. Fed. R. Civ. P. 4(m).

The undersigned therefore **RECOMMENDS** that the Court **DISMISS** the Complaint as to all the John Doe Defendants named therein. Because these are the only claims remaining in the case, the Court should **TERMINATE** the case on the docket.

Finally, the Court should **CERTIFY** that an appeal of an order adopting this Report and Recommendations would not be taken in good faith and on that basis **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may file objections to these recommendations as discussed in the Notice below. He is reminded that he must keep this Court informed of his current address at all times while this case is pending.

**IT IS SO RECOMMENDED.**

      */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

## Notice of Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Order and Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).